<u>**NOT FOR PUBLICATION**</u>                                        (Docket No. 62)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                              :
DEMETRIA MARSHALL,              :
                                              :
                 Plaintiff,            :          Civil No. 07-3191 (RBK/JS)
                                              :
          v.                             :          **OPINION**
                                              :
THOMAS KOOCHEMBERE, et al.,   :
                                              :
                 Defendants.        :
_____:

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion for summary judgment [Docket No. 62] (the "Motion for Summary Judgment") by Defendants Cape May County (the "County"), Cape May County Correctional Center ("CMCCC"), and Cape May County Sheriff's Department (the "Sheriff's Department" and, collectively, the "Moving Defendants"). For the reasons expressed below, the Court will grant in part and deny in part the Motion for Summary Judgment.

**I.      BACKGROUND**

Plaintiff Demetria Marshall was a pre-trial detainee at CMCCC during the months of June and July 2005. (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. 5.) On July 19, 2005, Marshall was sexually assaulted by Defendant Koochembere, who was at that time a corrections officer at CMCCC. (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. 5.) After a criminal trial, Defendant Koochembere entered a post-verdict guilty plea and was sentenced to eight years in prison. (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-173 to A-175.)

Defendant Koochembere had a history of disciplinary violations at CMCCC. On one occasion, Koochembere failed to respond to an altercation between inmates. As a result of this

inaction, Defendant Koochembere was investigated for the unauthorized use of a cellular telephone while on duty.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. 10-11, App. A-119.)  The Sheriff's Department found that Defendant Koochembere "interfered with and tampered with" that investigation and "knowingly, willfully and purposefully disregarded the policies, procedures and other oral/written directives of [the Sheriff's Department]."  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. 10-11, App. A-119 to A-120.)  The investigation also revealed that Defendant Koochembere had been cohabitating with Nicole Miller, a former CMCCC inmate characterized as "his girlfriend," in violation of Sheriff's Department regulations.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. 10-11, App. A-119 to A-120.)  CMCCC and Sheriff's Department officials apparently were aware of Defendant Koochembere's romantic involvement and cohabitation with Ms. Miller.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-108 to A-110, A-121, A-170.)  As a result of the investigation, Defendant Koochembere was suspended for one day.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-3.)

On yet another occasion, Defendant Koochembere was disciplined in connection with an incident where certain corrections officers "glued the locks shut on the locker [of another corrections officer], and one of the officers threw the other officer into the trash bucket."  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-2 to A-3.)  Defendant Koochembere received a one-day suspension for his involvement in this incident.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-2.)

Undersheriff Jeffery L. Pierson described Defendant Koochembere's pre-assault disciplinary history as "significant."  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-115.)  Pierson indicated that Defendant Koochembere faced substantially stronger sanctions than he actually received and potentially could have been terminated.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-116 to A-117.)  Pierson indicated that he thought some discipline was warranted, but that he "may have backed off" on his investigation for the Sheriff's Department after the he learned that the investigation "possibly" would be referred to the Cape May County Prosecutor's Office.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-116 to A-118.)

At his criminal trial for the assault on Marshall, Defendant Koochembere testified that flirting took place between CMCCC inmates and guards.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-10.)  Defendant Koochembere also testified that male CMCCC guards received only "minimum" training regarding the supervision of female inmates, which did not include training on how to deal with advances from inmates.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-9 to A-10.)  In Koochembere's opinion, CMCCC's policy could have been "more detailed and more touched upon" and the guards "should [have been] retrained."  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. App. A-10.)  The cells and showers where female inmates were housed at CMCCC lacked privacy screens, and certain portions of the facilities were unmonitored by video surveillance.  (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. 22-23.)

On June 6, 2009, Plaintiff brought this civil action against Defendants Koochembere, the County, CMCCC, the Sheriff's Department, and John Does 1-10.  As to the Moving Defendants, the Amended Complaint alleges liability for (1) violations of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States (Count I), (2) negligent hiring, training, and supervision (Count III), (3) "gross insult" arising from an alleged quasi-contractual right to be free from harm (Count VII), (4) a civil conspiracy to punish Plaintiff for reporting the abuse (Count VIII), (5) a "civil rights conspiracy" in violation of 42 U.S.C. § 1985 (Count IX), (6) deliberately indifferent hiring in violation of 42 U.S.C. § 1983 (Count X), (7) failure to train and supervise in violation of 42 U.S.C. § 1983 (Count XI), (8) violations of the New Jersey State Constitution (Count XIII), and (9) "entity liability" under 42 U.S.C. § 1983 (Count XIV).  The Amended Complaint also appears to allege direct and vicarious liability of the Moving Defendants for Defendant Koochembere's alleged (1) intentional infliction of emotional distress (Count IV), (2) violations of the New Jersey Law Against Discrimination (Count V), and (3) false imprisonment (Count VI).  In addition to liability of Defendant Koochembere for several of the above claims, the Amended Complaint also alleges liability of only Defendant Koochembere for (1) assault and battery (Count II) and (2) conditioning full and equal access to public accommodation on sexual favors in violation of the New Jersey Law Against Discrimination

(Count XII).

On March 25, 2010, the Moving Defendants filed the instant Motion for Summary Judgment. Plaintiff filed a response on May 4, 2010 [Docket No. 66], in which she clarifies that the claims in Counts II, IV, and VI are against Defendant Koochembere only. The Court has considered the submissions of the parties and the Motion for Summary Judgment is now ripe for review.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Id. at 255. The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331 (Brennan, J., dissenting)). The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Furthermore, "[w]hen opposing

4

summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 2007 WL 2709661, at * 1 (3d Cir. Sept.17, 2007) (quoting Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2003)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

Plaintiff argues that the Motion for Summary Judgment addresses only Counts I, III, IX-XI, XIII, and XIV of the Amended Complaint. (Pl.'s Am. Br. Opp'n Defs.' Mot. Summ. J. 2.) Indeed, the Motion for Summary Judgment appears to address specifically only the claims in Counts XI and XIV and to address only tangentially Counts I, III, IX, and X; it appears not to address Counts II, IV-VIII, XII, or XIII. Thus, the Court first will consider the Motion for Summary Judgment as it applies to Counts XI and XIV. The Court then will address other issues appropriately included in the disposition of the Motion for Summary Judgment.

### A. Counts Specifically Addressed by the Motion for Summary Judgment (Counts XI and XIV - Deliberate Indifference under § 1983)

Count XI alleges that Defendants Cape May County and CMCCC failed adequately to train and supervise Defendant Koochembere regarding the proper use of force and the impropriety of sexual harassment and assault. (Am. Compl. 14.) Count XIV alleges that Defendant Cape May County had "a policy and practice of failing to adequately train and/or supervise their employees to prevent racial and gender discrimination, and to protect inmates from retaliatory acts while incarcerated" and "failed to adopt policies to prevent racial and gender discrimination" at CMCCC. (Am. Compl. 16.) Both Counts essentially are Eighth Amendment failure-to-train and failure-to-protect claims brought under § 1983. (See Am.

Compl. 14-16.)  The Moving Defendants argue that they are entitled to summary judgment on Counts XI and XIV because Plaintiff has failed to show the deliberate indifference necessary to prevail on a § 1983 failure-to-train or failure-to-protect claim.  The Court agrees.

The Eighth Amendment, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981).  Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'"  Id. at 834 (quoting Rhodes, 452 U.S. at 347).

To successfully state a claim for violation of the Eighth Amendment, a plaintiff must satisfy both the objective and subjective components of such a claim.  The plaintiff must allege a deprivation that was "sufficiently serious," and that through their actions or omissions, prison officials exhibited "deliberate indifference" to the plaintiff's health or safety.  See id. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).  In the context of both failure-to-train and failure-to-protect claims, a valid claim asserting deliberate indifference must state facts indicating more than a mere lack of ordinary due care, i.e., the plaintiff must assert facts showing that the defendant had a state of mind equivalent to, at least, a reckless disregard of a known risk of harm.  See id. at 834.

### 1.  Failure-to-Train

In the context of a failure-to-train claim, the plaintiff must assert facts showing that the existing custom or practice created an unreasonable risk of harm and that officials knew of and disregarded the risk.  Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).  Moreover, the plaintiff must identify specific training or policies that would prevent the harm and show that "the risk reduction . . . is so great and so obvious that failure of those responsible for the content of the training to provide [the plaintiff's proposed training] can reasonably be attributed to a

deliberate indifference . . . ."  Woloszyn v. Cnty. of Lawrence, 396 F.3d 314, 325 (3d Cir. 2005)

(quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1029-30 (3d Cir. 1991)).

       The Moving Defendants have provided ample evidence, which Plaintiff does not dispute,

of training programs provided to CMCCC guards on cross-gender supervision, sexual

harassment, and the proper use of force.  (Defs.' Mem. Supp. Mot. Summ. J. Ex. D.)  According

to the Moving Defendants' undisputed evidence, Defendant Koochembere attended–and

completed satisfactorily–all such programs.  (Defs.' Mem. Supp. Mot. Summ. J. Exs. E, F.)  The

Moving Defendants also have submitted undisputed evidence that CMCCC guards, including

Defendant Koochembere, were provided copies of CMCCC policies regarding sexual harassment

and assault.  (Defs.' Mem. Supp. Mot. Summ. J. Ex. G; Pl.'s Am. Br. Opp'n Defs.' Mot. Summ.

J. App. A-152 to A-156.)  Although Plaintiff provides a statement by Defendant Koochembere

that the training was insufficient, Plaintiff does not provide any evidence of specific additional

training measures that would have resulted in a "risk reduction . . . so great and so obvious that

failure of those responsible for the content of the training to provide [the plaintiff's proposed

training] can reasonably be attributed to a deliberate indifference . . . ."  Woloszyn, 396 F.3d at

325 (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1029-30 (3d Cir. 1991)).  A

reasonable jury could not find deliberate indifference in the failure-to-train context.  Therefore,

the Court will grant summary judgment for the Moving Defendants on the failure-to-train

components of Counts XI and XIV.

### 2. Failure-to-Protect

       In the context of a failure-to-protect claim, the plaintiff must assert facts showing that she

was "incarcerated under conditions posing a substantial risk of harm" and that prison officials

actually knew of and disregarded that particular excessive risk to the plaintiff's safety.  Farmer,

511 U.S. at 833, 837.  Moreover, "[a] pervasive risk of harm may not ordinarily be shown by

pointing to a single incident or isolated incidents, but it may be established by much less than

proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).

"Whether prison official[s] had the requisite knowledge of a substantial risk is a question of fact

subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842 (emphasis supplied).

Based upon the evidence in the record, a reasonable jury could find that the Moving Defendants knew that Defendant Koochembere had a history of disregarding CMCCC policies and regulations and that he also had questionable judgment regarding boundaries and personal relationships with ex-inmates. A jury might even find that the punishments Defendant Koochembere received were so minimal that he believed he could act with impunity. But unauthorized use of a cellular phone and a consensual relationship with a former inmate, while both questionable and improper, are qualitatively and quantitatively different than the heinous, non-consensual sexual assault of a current inmate in the instant case. A reasonable jury could not find that the Moving Defendants were deliberately indifferent to the substantial risk that Defendant Koochembere would forcibly perpetrate a sexual assault on an inmate merely because they were aware of his disciplinary history.

Perhaps the strongest similarity between the assault of Marshall and the prior incident with the cellular phone is that Defendant Koochembere tried to cover both of them up. That similarity, however, is insufficient to support a finding of deliberate indifference. Although a reasonable jury could find that the Moving Defendants were aware of a substantial risk that Defendant Koochembere would seek to cover up future transgressions, one prior attempt to hide misbehavior is not a "pattern of past occurrences" that should have put the Moving Defendants on notice of Defendant Koochembere's propensity to do so. See Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989); Riley, 777 F.2d at 147. Moreover, it would be unreasonable to find that if the Moving Defendants were aware that Defendant Koochembere might try to cover up some hypothetical misbehavior (which, until this point had been comparatively minor), they also should have been aware that he would have committed the crime in the instant case.

Plaintiff also argues that the configuration of the facilities at CMCCC–namely, a lack of privacy protections for female inmates supervised by male guards and a lack of surveillance in

certain areas of CMCCC–put the Moving Defendants on notice of a substantial risk of sexual assault.  The Court dismisses this argument out of hand.  A mere opportunity for harm is not a substantial risk of harm.  The guards at CMCCC were professional, trained officers of the law who, with the exception of Defendant Koochembere, acted as such.  Absent more, a reasonable jury could not find that the conditions at CMCCC posed a risk "so great and so obvious" that failure to implement changes amounted to deliberate indifference.  See Sample, 885 F.2d at 1118.  Accordingly, the Court will grant summary judgment for the Moving Defendants on the failure-to-protect components of Counts XI and XIV.

### B.  Counts Tangentially Addressed by the Motion for Summary Judgment

#### 1.  Count X - Deliberately Indifferent Hiring under § 1983

Count X alleges that the Moving Defendants were deliberately indifferent to the risk of a sexual assault by Defendant Koochembere when they made the decision to hire him.  As discussed above, the Court finds that no reasonable jury could find deliberate indifference to the risk of sexual assault arising from Defendant Koochembere's actions while he worked at CMCCC.  Plaintiff has not provided any evidence whatsoever that predates Defendant Koochembere's employment with the Sheriff's Department or that relates to the Sheriff Department's decision to hire Defendant Koochembere.  The Court thus finds that no reasonable jury could find deliberate indifference during the hiring decision.  The Court will grant summary judgment for the Moving Defendants on Count X.

#### 2.  Count III - Negligent Hiring, Training, and Supervision under State Law

Count III alleges that, under New Jersey law, the Moving Defendants were negligent in hiring, training, and supervising Defendant Koochembere.  Aside from Plaintiff arguing that this claim should be subject to a simple negligence–rather than a deliberate indifference–standard, neither party has briefed this issue on summary judgment.  As noted above, however, Plaintiff has not provided any evidence that predates Defendant Koochembere's employment with the Sheriff's Department or that relates to the Sheriff Department's decision to hire Defendant Koochembere, and thus no reasonable jury could find that the Moving Defendants were

negligent in <u>hiring</u> Defendant Koochembere.  The Court will grant summary judgment for the Moving Defendants on the negligent hiring component of Count III; the Court will deny summary judgment on the remaining allegations contained in Count III.

### 3.  Count I - Federal Constitutional Violations

Count I alleges liability for violations of the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States.  Because the Fourth and Eighth Amendments are applicable to the states though the Fourteenth Amendment, and none of the defendants in this action are federal entities, these are all Fourteenth Amendment Claims.  In the Third Circuit, a plaintiff who brings a § 1983 claim may not bring a Fourteenth Amendment claim.  <u>Capogrosso v. The Supreme Court of New Jersey</u>, 588 F.3d 180, 185 (3d Cir. 2009).  Therefore, the Court will grant summary judgment for the Moving Defendants on Count I.

### 4.  Count IX – Civil Rights Conspiracy under § 1985

Count IX alleges liability for a conspiracy to deprive Plaintiff of her Eighth and Fourteenth Amendment Rights.  Neither party briefed this issue.  To the extent the Motion for Summary Judgment can be read to include this Count, summary judgment is denied on Count IX.

### C.  Counts Not Addressed by the Motion for Summary Judgment

#### 1. Counts II, IV, and VI – Defendant Koochembere Only

Plaintiff concedes that the claims contained in Counts II, IV, and VI lie against Defendant Koochembere only.  To the extent the Amended Complaint can be read to bring these claims against the Moving Defendants, summary judgment is granted in favor of the Moving Defendants on Counts II, IV, and VI.

#### 2. Counts V, VII, VIII, XII, and XIII

Neither party briefed any of the issues implicated by Counts V, VII, VIII, XII, or XIII, except for Plaintiff's argument that the Motion for Summary Judgment does not address Counts VII and VIII.  To the extent the Motion for Summary Judgment can be read to include these Counts, the Court will deny summary judgment on Counts V, VII, VIII, XII, and XIII.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part the Moving

Defendants' Motion for Summary Judgment.  An accompanying Order shall issue today.


Dated: <u>12/20/2010</u>                                                 /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge